UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLEY FAVORS,

    Petitioner,
                                  Case No. 2:14-14364

v.
                                  HONORABLE STEPHEN J. MURPHY, III

ANTHONY STEWART,

    Respondent.
                                 /

**OPINION AND ORDER DISMISSING THE PETITION
FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF
APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

    The case sounds in habeas corpus brought pursuant to 28 U.S.C. § 2254. Michigan parolee Kelley Favors was convicted of aggravated stalking, Mich. Comp. Laws § 750.411i, pursuant to a plea in the Macomb County Circuit Court in 2011. He was initially sentenced to a probationary term, but after violating the conditions of his probation, he was sentenced as a second habitual offender to 17 months to five years imprisonment in 2013. Mich. Comp. Laws § 769.10. Favors instituted the present habeas action in November 2014. In his pro se pleadings, Favors raises claims concerning the validity of his plea, a change in his probationary sentence from two years to five years to comport with state law, and the effectiveness of trial counsel. Respondent has filed an answer to the petition and informs the Court that Favors is on parole and contends that his claims are procedurally defaulted and/or lack merit. *See* Resp., ECF No. 6. For the reasons below, the Court will dismiss the petition without prejudice. The Court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

## DISCUSSION

Local Rule 11.2 authorizes the Court to dismiss a case based upon a party's failure to keep the Court apprised of address changes and updated contact information. The rule states:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

L.R. 11.2. Pro se litigants have the same obligation as an attorney to notify the court of a change of address. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir.1988). "'[Petitioner] has the duty to inform the court of any address changes,' and it is not incumbent upon this Court or its staff to keep track of Petitioner's current address." *Thompkins v. Metrish*, No. 2:07-CV-12, 2009 WL 2595604, at *1 n.1 (W.D. Mich. Aug. 20, 2009) (quoting *Kelly v. Wal-Mart, Inc.*, No. 7:07-CV-0089, 2007 WL 2847068, at *1 (N.D.N.Y. Sept. 26, 2007)).

Additionally, Civil Rule 41(b) authorizes a federal court to dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order," Fed. R. Civ. P. 41(b), and Local Rule 41.2 authorizes the Court to dismiss a case "when it appears that . . . the parties have taken no action for a reasonable time." L.R. 41.2. The Court may therefore dismiss a civil action for failure to prosecute. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Shortly after Favors filed his habeas petition in November 2014, the Court sent him a notice advising him of Local Rule 11.2 and his duty to inform the Court of any change of address. *See* Not., ECF No. 2. The notice stated that the failure to provide updated contact

information could result in dismissal of his case. *Id.; see also Watsy v. Richards*, No. 86-1856, 1987 WL 37151 (6th Cir. April 20, 1987) (affirming a district court's dismissal under similar circumstances). The record indicates that Favors has been released on parole and has not communicated with the Court since he filed his habeas petition nearly two years ago. Because Favors has failed to provide the Court with his current address and updated contact information as required by Local Rule 11.2 and the Court's notice, the Court will dismiss the case without prejudice for want of prosecution.

Before Favors may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A federal district court must issue or deny a certificate of appealability when denying relief. Rule 11(a) of the Rules Governing 2254 Cases, 28 U.S.C. foll. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on procedural grounds without addressing the merits of a habeas petition, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate the correctness of the Court's procedural ruling. A certificate of appealability is therefore unwarranted.

Lastly, the Court concludes that Favors should not be allowed to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

## ORDER

**WHEREFORE** it is hereby **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed in forma pauperis on appeal are **DENIED**.

                                    s/Stephen J. Murphy, III
                                    STEPHEN J. MURPHY, III
                                    United States District Judge

Dated: November 22, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 22, 2016, by electronic and/or ordinary mail.

                                    s/David P. Parker
                                    Acting Case Manager